Good morning, your honors. Calvin House for School Police Officer, Daniel East. In this case, Officer East gave a recorded statement to some LAPD detectives, and in that statement, he said that he was viewing a video of the murder. He said he had a hard time IDing the person on the video. He said, the full head of hair is throwing me off a little bit. He said, unless he shaved it, and he did have more hair last week. And he said, the guy that I was thinking of is a lot smaller in stature, though. But then, without any prompting from the detectives as to the name of the individual, he said, it's Art Tobias. Later, he prepared a written statement that he submitted to the detectives, in which he said, I watched the video several times, and stated that I was fairly sure that the suspect in the video was Art Tobias, student, Barrendo Middle School, and stated that the video made the person look slightly larger, slightly taller and thicker. The person in the video had a distinct walk and stature, which is similar to that of Art Tobias. So the question is whether any discrepancy there may be between those two accounts is sufficient to hold Officer East liable for a constitutional violation. And there are four that appear to be the root of the plaintiff's case against Officer East. One is fabrication of evidence. That requires proof that he made a knowingly false statement, not just an inaccurate or careless statement, and that the plaintiff, Mr. Tobias, would not have been charged in the absence of that statement. The facts that were established by the evidence submitted to the district court do not satisfy those elements. Now, the district court made a fine concluded on summary judgment that there was a triable issue of fact as to his motivation. That's a classic merits question. How do we have jurisdiction to review that question on a qualified immunity appeal? Well, I think the case can be decided without deciding what his motivation was, because the question is, is there a difference? But there are two questions. One is, is there a difference between those two statements that would make it amount to a deliberate fabrication? And there is case law that says if it's just a discrepancy or it's a minor inconsistency, that's not sufficient for deliberate fabrication. But isn't that a question of fact for the jury to decide whether there's discrepancies between the two statements? No, I don't think it is, because there are legal standards as to what constitutes a discrepancy. So, and also, I, so, did you, are you appealing denial of qualified immunity or are you appealing the straight determination that she made? Because your brief barely even mentioned qualified immunity before the district court, and what she ruled was on the substantive questions. Each of these four causes of action, that there were questions of fact, but not as to whether or not there's qualified immunity. Well, qualified immunity is mentioned in her decision. It's also raised in our answer. And on a interlocutory appeal from the denial of summary judgment, the... is discussing, I'm sorry, I'm not even sure which judge, okay, it's Judge Fischer. Yeah. The majority of her opinion is, really goes to the substance of the claims. Well, the majority of the opinion is devoted to the LAPD officers and the detectives. Right, right. Officer East is kind of, he's mentioned in a couple of places, but there's not a whole lot of attention paid to the specifics of the claims against him. And in fact, Judge Fischer denied summary adjudication as to some claims that even Mr. Tobias isn't claiming here that he has against Officer East. So to get back to the question about qualified immunity, we, except with respect to the issue of failure to intervene, which we didn't raise below, but we did mention in our brief, we are not saying the law is not clearly established. But that doesn't preclude us from prosecuting an appeal on an interlocutory basis, because the courts, including the Supreme Court, have said you are free to raise on appeal either whether there was a violation at all or whether the law that was claimed to have been violated was established enough to give rise to a claim. So you're not disputing there's clearly established law here? Except with respect to failure to intervene, that's correct. Okay. You're arguing that there's a question of fact as to, that there's not a question of fact as to, what are you arguing? As to the four claims that I As to whether or not there was a violation. Was it deliberate? Right. Was it deliberate fabrication? Was it malicious prosecution? Was there failure to intervene? And was there a conspiracy? And so our claim on appeal is taking the facts from the evidence and not the arguments or the claims in the separate statements. Right. But you are the moving party. Yes. So we have to look at the facts in the light most favorable to the non-moving party. Correct. Okay. And as to that, Officer East's involvement is established in recorded statements and documents. And I believe on that record, this Court can make a determination as to whether that evidence supports a claim, either one of these four claims. What did she, what did the District Court say about that? Why did she think that there were issues of fact as to whether or not there was a violation by Officer East? Well, one of the problems with the District Court's decision is, I don't think she makes it clear. When we get to falsification, she says there are questions about, she says plaintiff disputes when Officer East dropped off his Inegro statements. We don't dispute that here. We'll take the plaintiff's account of that. And whether Officer East's written statement was influenced by his conversations with Detective Cortina. Now, as to that, yes, they did say that. But there's no evidence other than the deposition testimony and the statement itself. And that's all before the Court. And there's nothing in that. So let me, let me ask you, because I'm struggling with reading this decision, too. So I mean, one of the thoughts is that perhaps with respect to Officer East, we should remand for the District Court to clarify what her ruling is. Because it does seem like two of the claims don't really even apply to him. I mean, is that something you're arguing for? I hadn't put that down in writing, but we would certainly think it would be useful for Judge Fischer to explain exactly what claims she believes can be pursued against Officer East. And the evidentiary basis for deciding that there was a disputed issue of fact. Because once we get past the fabrication part, there's really no specific reference to Officer East at all. So as to the four claims that Mr. Tobias seems to be pursuing here. If you had the right to take, as a matter of right, an interlocutory appeal from a denial of summary judgment on the merits, we could look at all this. But the right you have is to take an interlocutory appeal on qualified immunity and not the merits, as the Johnson case that you cite says. How is this just not the merits? And it's not even within the umbrella of qualified immunity, the way you're presenting this. Do you get it in that box or not? Well, two things. First, the qualified immunity analysis has two pieces. One is, was there a violation? And the second is, was the right clearly established? The Supreme Court and this Court have said you can raise either one on an interlocutory appeal from the denial of summary judgment. Now as to the merits, I mean, once you take the appeal, I mean, the merits are part of it. So we're certainly free to... As to whether or not there was a violation, and she says, as much as I can tell from this written decision, that there's a question of fact as to whether or not there was a violation. And you're not even arguing whether or not there was clearly established rights. There are clearly established rights. That's correct. So this is just, this is a question of whether she got it wrong on what, finding whether it's a tribal issue. In fact, it's to East. And I can't even tell the basis for that, which is why I'm suggesting or thinking about getting a clarification on this that could be... Well, that would be appropriate as far as Officer East is concerned to get some clarification. Can I also clarify what your position is when you say that the law is clearly established? Are you conceding that the facts, as the district court read the record and the facts that it concluded were reasonably inferred or established or that a reasonable trier could find from the record, that those facts do amount to a deprivation of qualified immunity because it's clearly established that those facts violated the law? No. Not our facts. We're saying the laws of deliberate fabrication is clearly established. A police officer cannot deliberately fabricate. That's a very high level of generality, that proposition you just stated. Well, the question is whether or not he deliberately fabricated, right? Right. And you're saying you can just look at the facts in the light most favorable to the non-moving party and say there's no clear evidence of deliberation, that, of deliberate fabrication. Yes. We don't know. She said the jury has to decide that. Anyway, so you're supposed to be splitting your time, 15 minutes, 15 minutes, so I think we need to ask you to sit down because you've gone well over. Did you give him 15 minutes? Okay. Yeah, you've gone 12 minutes and your co-counsel has the other half. Okay. Thank you, Your Honor. I wish to argue on behalf of the officers, LAPD officers. Well, I think you should go forward, you're supposed to split your time and argue on behalf of the LAPD defendants. Thank you, Your Honor. May it please the Court, we would respectfully request to reserve a minute for rebuttal. The issue from the detective defendants is not whether there's a question of fact, but whether two questions of law are clearly established. Rather than look at whether the officer's conduct crossed the line, the question in this matter for this panel's resolution is whether that line is clearly established. And in this instance, we have two specific issues where both the trial court found that there is not clearly established law. The Court of Appeal and the Supreme Court came down with a series of opinions between the time that the summary judgment order was issued and the time that this appeal was addressed. And it was addressed and clarified the circumstances on qualified immunity, confirming that a right must be clearly established such that there is no reasonable doubt and that every reasonable officer must understand that their conduct is wrong. In this matter, we have two issues. Turning to the first is the interrogation. The suspect, during a videotaped deposition, or excuse me, videotaped interrogation, made the statement, could I have an attorney because that's not me. That statement was not ever defined in any case law as clearly unequivocal. We don't have those exact words, but the requirement can't be that the literal five words have to be in a prior case. It's a question. Could I have an attorney? That sounds like a request for attorney. And then it isn't just ignored. The answer is, but okay, no, don't worry. You'll have the opportunity. And then it goes on. So not only is the question clearly asked, could I have an attorney? The answer that's given is no. Why isn't that clearly established that you can't do that? Your Honor, there is a litany of cases that have addressed this both at the state and court level, state and federal court level, that have said, could I have an attorney? Am I entitled to an attorney is an equivocal request. We're asking an officer to split hairs on, actually on hairs that have already been split. And in this matter, we have a trial court judge that looked at this and decided that on these facts, it was not an unequivocal request for counsel. Furthermore. But if it had been, can I have an attorney, then it would have been. You get closer. You get much closer. But it's not, can I have an attorney or could I have an attorney? It's, could I have an attorney? Because that's not me. Is it a qualified statement? Is it an inquiry? Is he entitled to counsel? Why did he say no in response to that? Because there is a statement about. Isn't the correct answer yes? No, Your Honor. There's a statement. If you look at the full transcript or watch the video, Officer Paray is telling him, we're here to get your statement. You can give the statement. And he continues on with, you'll have the chance to give your statement. But he asked, he said, could I have an attorney in the middle of, I mean, it's clearly, I mean, I watched the whole video. He's clearly saying that person isn't me. And the officers are continuing to give him the right to give the statement. Your Honor, that's a factual. Are you interrupting me? I mean, I haven't even gotten to my question yet. Do you want to, you want to answer the question that I have? My apologies, Your Honor. My question is, why, wouldn't a reasonable officer, when they were asked, could I have an attorney, because that's not me, understand that that was a request for attorney, and didn't, in fact, this officer understand that, given the fact that he answered the question? No, Your Honor. And furthermore, the factual inquiry is not the relevant inquiry here. The question is, is this clearly defined? Does it meet the parameters that the Supreme Court has enunciated in Escondido, in Kisla, in Sheehan versus San Francisco? And Your Honor, just by way of reference, questions such as, do I need a lawyer? What time will I see my lawyer? Maybe I ought to see an attorney. These are all Ninth Circuit precedent where this panel has said, the reference to an attorney is not unequivocal. And in every single one of those situations, this court has said that is an equivocal request for counsel. So are you saying that there's no difference between can and could, that what distinguishes this is the, because that's not me, clause that follows, otherwise we can substitute could for can? Your Honor, I'm saying that the question that has to be answered is a little different, that is this clearly established such that every single reasonable officer that looks at this knows unequivocally that they are crossing the line. This is the standard that was promulgated by the Supreme Court over the last year when it was overturned to generalizations and said it must be clearly established. The trial court specifically said these facts present a closed question because there appears to be no case law determining whether the precise question, could I have an attorney, is equivocal. And that's at the record at page 29. Turning to the interrogation, we have the same issue. We have a series of cases that discuss that a specific action may or may not be considered coercive. But there has never been a case law that says this combination of approved lawful tactics viewed in its entirety can constitute a coercive interrogation. So is your answer that could is not precisely the same as can? Could, my answer is that if we are debating the definition of could and can, then it's not reasonable for every reasonable officer to understand. And it's not clearly defined. And that each of those can have different meanings. And I can go in sight to a half dozen published cases that weigh on the definition, how those should be interpreted. An officer deserves clarity. The Supreme Court has said that it must be clearly defined. This is not that situation. If a criminal trial judge cannot define it and doesn't believe it's clearly defined, and the district trial judge says it's not clearly defined and there's no case law. And these set of circumstances has not been clearly defined. Then the issue is not clearly defined under Escondido or Keesler, Your Honor. And because of that, this court should clarify that and should say that under these circumstances, could I have an attorney because that's not me, either is or is not an unequivocal request for counsel. But turning to the interrogation, it's a similar issue. The trial court came back in this matter and specifically stated that plaintiff's interrogation does not fall clearly within any of these cases. And that's ER page 14 and 15. And the trial court had difficulty establishing what precedent should she follow. There's a series of cases that had different facts and different issues. And she said, well, we have some of the factors, but not others. And the trial court grappled with this. But importantly, we're essentially judging the officer's conduct in hindsight, saying, you took action, you interrogated a suspect. You used a series of lawful tactics and pursuant to suit and, astute and other published cases, it's the overall interrogation that can potentially become coercive, which can lead to the confession being thrown out and can lead to a civil rights case. The problem is that there is no clearly established case law that says these specific actions combined crosses the line. Instead, we're akin to the Supreme Court's comments in the pornography cases. I know it when I see it. We'll tell you if you cross the line when we judge you after the fact. But we're not going to tell you what conduct is appropriate until after you've already done it. All right, thank you, counsel. Thank you. We'll hear from the other side. Good morning, your honors. I'm David B. Owens, and I represent Art Tobias. May it please the court. These interlocutory appeals should be dismissed for want of jurisdiction. The Supreme Court's 1995 decision, Johnson versus Jones, and this court's decisions applying it, firmly established this court's review is constrained to the facts the district court found when denying summary judgment. From top to bottom, the defendants dispute those facts and the inferences that should be drawn from them. This court therefore lacks jurisdiction and should dismiss both appeals. Even assuming the court- Both appeals, I understand from the Colloquy and the East appeal that there's a different issue. But I just heard the counsel in the other case say that it doesn't fit the qualified immunity test as the Supreme Court has laid out recently. That there wasn't enough notice, it wasn't clearly established. That's being directly challenged. Don't we have jurisdiction to at least decide whether that challenge to the clearly established standard is viable? You could hypothetically, your honor. But the problem here with the detective's position is that they dispute the findings of fact that were made by the district court. And they dispute the record that exists here. So for example, the district court made a number of findings with respect to what took place during the interrogation, including that Tobias has invoked his right to counsel. And including that, for example, other things that he was repeatedly pressured. And told that if he didn't confess, the judge would give him more time. And in their statement, which my friend made a few moments ago, that there was nothing wrong with the interrogation. That Tobias made a passing comment about an attorney. Those statements dispute directly the findings that the district court made. And so, this court's precedents hold that despite the fact that when somebody comes to the court of appeals in an interlocutory manner and says we're bringing a legal argument to you. But this court must scrutinize that to determine whether or not they're paying lip service to that. And in this instance, from top to bottom, it is true that the detectives are, as well as Mr. East, disputing the facts. And in fact, at one point the detectives concede that there are reasonable differences and disputes here about the interpretation of what took place during the interrogation. And so at the point where they have conceded that there are disputes about how to interpret the interrogation and that they take a position that is contrary to the findings of the district court. Then they have deprived themselves of jurisdiction. And I can go through a number of ways that the detectives in their brief make findings that are- Let me just ask you one question. The district court resolved all of the issues of qualified immunity. There are a lot of issues. There's a lot of different challenges you've raised. And all of them were resolved in two omnibus paragraphs at the end of the order. Why shouldn't we just vacate this whole thing and say this is not how you do a qualified immunity analysis and let's see this more claim by claim and understand what exactly the ruling is? Well, Your Honor, I think that the court can look at the context of the district court's decision overall, which did discuss the applicable law and which did discuss the context of the case. Because the issue is that the rights are not being addressed at a high enough level or at too high a level of generality. Here the district court acknowledged that the rights needed to be defined within the context of this particular case, discussed extensively what the case law was that was providing the issue. So I don't think that this court needs to, this is not a decision, for example, in Maripolis where it's unclear what the decision was. The court defined the law and described the rights in some detail. So I do think that there is clarity here with respect to whether or not this district court was doing the right thing. And then in particular, as Your Honor noted, detectives raised this issue about the invocation now. Keeping in mind that there's a broader coerced confession claim of which this invocation issue is only one subcomponent. Putting that to the side for a moment, the district court did spend a lot of time at the motion to dismiss phase discussing the issue that was raised by the detectives here. The detectives didn't appeal the denial of the motion to dismiss. Had they, where we would have a complaint, we'd have a very short record that would have certainly teed up a legal issue before the court. But as far as this court is concerned, if there's a concern that the district court didn't give adequate consideration to the issues concerning qualified immunity, they were extensively briefed numerous times before the district court. And the court's decision at the end of its lengthy summary judgment opinion reflects the proper standard, which is in the context of this case. Because we agree that the level of generality cannot be too high. If I can return to the jurisdictional issue as it relates to the detectives. There are a number of issues that they dispute, despite the fact this interrogation took place on video. For example, they describe, they say that this was largely unremarkable and that there was no coercion. That's directly contrary to the district court's finding that a reasonable jury could find that Tobias' will was overcome. In addition, I think as came up a few moments ago with this court, there are disputes about what should be interpreted in this interaction where Tobias invokes his right to counsel. If the court looks at page 15 of the detective's reply brief, you'll see something that shocked me when I saw it. Which is, they have taken liberties with interpreting what happened here that are not only contrary to what the district court found, that Tobias did invoke his right to counsel. But also, construe facts completely against Tobias. So for example, the detectives here want to claim that when Detective Perret told a 13-year-old no after he asked for counsel, he wasn't saying no, you can't have an attorney. He was saying no, you'll get to make your statement later. Now that's belied by the transcript, or the interrogation itself. Because at that point, Tobias had said again, and again, and again, that's not me. But the detectives here have essentially pled themselves out of an interlocutory jurisdiction by continuing to make those types of arguments that dispute the facts. Well, can we just kind of, isn't our obligation, even if counsel makes arguments that you view is inconsistent with the standard of the facts and the light most favorable to Mr. Tobias. And then, with those facts in mind, decide whether the clearly established standard is met. So I think that this court's, excuse me, this court's decisions in prior cases provide that it's not this court  that's going to take the facts and do a whole big summary judgment, dig through the record, and all of those things. That's not the posture of an interlocutory appeal. And so in Collins v. Jordan, this court says that if a defendant doesn't accept the facts that were found by the opposing party, then dismissal is appropriate. And George against Morris, which we cited, is in the same vein. It's not for this court to, I think, take an additional step to reward somebody for not conceding the facts found by the district court. So I understand your argument with respect to the LAPD. But with respect to East, she denied summary judgment on, for example, the interrogation claim, the course of interrogation, and he wasn't even present. So I don't know how she could have denied summary judgment on that claim for him. Well, I think that there's two possible ways for that. And, Your Honor, I don't think that this is a situation in which a remand would be appropriate or necessary to get clarification on this issue. For one, Judge Fisher found that Detective East is a reasonable jury. He could find that he can be liable under the theory of conspiracy. Which would actually make him liable for the- What was the evidence of an agreement? The evidence, so first, this court doesn't have jurisdiction to reconsider or re-weigh the evidence that the district court found concerning the agreement. That goes beyond the scope of this court's interlocutory review under Johnson against Jones. Assuming, for example, the court were going to re-examine the evidence, there's ample evidence of an agreement here. The court has a transcript which was recorded of the meeting with Detective East initially. And I think that there's language in that meeting that a reasonable jury and taking all inferences in our favor could absolutely illustrate an agreement. For example, the detectives tell Officer East, look, we gotta show this video to somebody else. And if they don't pick him out, we're gonna have trouble, quote, proving what you just saw. And if we're then, we're gonna try to rope the mother into it. And if that doesn't work, somebody's gonna have to frickin' pay. And that's exactly what happened. They went, they took him to the police station. They took a 13-year-old's mother. They brought her in. They questioned her. They didn't allow, and then when she refused to identify Tobias from the video, because it wasn't him in the video, they made Tobias pay. So- Didn't she initially identify him? She did not. The district court did not find that. And so that's another reason that the detective's position exceeds this court's jurisdiction because they want to challenge those facts. Second, the record here is that it was when Detective Arteaga showed Ms. Contreras a freeze frame, he didn't show her the video of course, that she said that's not him. At one point, Detective Arteaga says, isn't that your son? And she says, you're telling me that. By the end of the thing, she says what she said at the beginning. That's not him, that's not my son. So that is just another problem with their position here. So with respect to Detective East, I do think that there is ample evidence. But going to that evidence, reweighing that is not the purpose of an interlocutory review in this particular case. And so for that reason, we do believe that it's, for those reasons, we do believe it's appropriate in this context to dismiss both appeals for want of jurisdiction because of the arguments that have been made here. And this is something that the court has looked at again and again, and more recently in its foster decision. I do want to address the statement that Detective, excuse me, Mr. East's counsel made with respect to this issue of jurisdiction again, Detective, excuse me, Officer East's challenge presented to this court is that the evidence the district court relied on with respect to Officer East was not enough. And that is fundamentally and quintessentially a sufficiency of the evidence type of an argument. And the court here said in footnote two on page two, it considered only the admissible evidence. The record in this case is voluminous. And of course, the district court did mention the places in which Officer East is, the individual arguments that would apply to him, for example, his causation argument, was specifically raised and addressed. But what Detective, or excuse me, what East is trying to do on this appeal is obtain jurisdiction by raising a forfeited argument with respect to the failure to intervene. And this court's law in Schuman v. Wright is clear that he cannot obtain this court's jurisdiction by raising an issue that was forfeited and not raised below. So we do not believe that this is an instance or a situation in which this court can exercise jurisdiction. However, just assuming for the sake of argument, the court were to entertain jurisdiction. And in light, there's two things I want to point out. First, is that the facts found by the district court are still the ones that control the disposition. So it's not the case that if the court exercises jurisdiction, you're on some free ranging thing, like you would be in the normal summary judgment, if there were a grant of summary judgment appeal, or in a post trial case where you're looking through the whole record. The district court's rulings and findings still apply. And those findings, we believe, make it abundantly clear that any request for qualified immunity should fail, and the claims fail on their merit. So this is not an instance where everything that the detectives did was an approved tactic. So for example, the district court found that Tobias invoked his right to an attorney. All questioning should have ceased. That's Edwards against Arizona. That's Henry against Kernan, this court's decision. Tobias was given a number of false promises of leniency. And this is one of the oldest things that a reasonable officer would be on notice, that if they offer a promise of leniency, that that can overbear someone's will. So that's Brown versus United States, an 1897 decision. This court has said similar things in Williams against Woodford in 2004. If you want to look at other aspects of the interrogation, for example, they repeatedly threatened a 13-year-old that if he didn't confess, he would be seen as a cold-blooded killer, the judge would give him more time for failing to confess. And that he, quote, needed to tell them what happened. This court, by contrast, held in 1994 that there are no circumstances in which law enforcement officers may suggest that a suspect's exercise of the right to remain silent can result in harsher treatment by the court. So there are prohibited tactics here, and those are just some at the top level. And each one of those independently is sufficient to deny qualified immunity here, based upon what took place. And seeing that my time is up, we ask that you dismiss this appeal for want of jurisdiction, and in the alternative, affirm the ruling of the district court. Thank you. All right, thank you, counsel. I'll give you one more minute. I've seen that previously. Thank you. Two quick points. As far as the factual disputes issue, we do believe this is a strictly legal issue. And as the Supreme Court addressed in Mitchell versus Forsyth, an appellate court reviewing the denial of defendant's claim of immunity need not consider the correctness of plaintiff's version. All it need determine is the question. Need not consider what? I didn't hear what you said. I'm sorry, Your Honor? I didn't hear what you said. As the Supreme Court stated in Mitchell, this court need not consider the plaintiff's version of facts. It only need to determine whether there's a dispute of law, whether a question of law exists. And we have addressed that, both as to the interrogation and the invocation. Neither is well settled in established law. We heard comments about the interrogation and that there is allegedly improper or illegal tactics employed. The problem is that in the trial court's order, in plaintiff's opposition and in plaintiff's brief here, there's no specific references to a specific question, a specific action. In fact, there's generalizations in the trial court's order where the trial court simply said there's interrogation tactics that could be coercive, that could be. And there's generalizations on both. Instead, this court is left to scour the record to try and find a specific question. And we will submit that there are no such specific questions. That such high level of generalities are inappropriate for appeal and are inappropriate for qualified immunity. And with that, Your Honor, we would submit. All right, thank you, counsel. Thank you, counsel. Ayes versus ayes in the city of LA is submitted, and we'll take up Abkarian versus Levine.
judges: Wardlaw, Settle, Collins